Matthew C. Wolf (SBN 223051)
Lauren VanDenburg (SBN 299957)
Sean Ma (SBN 315225)
TURNER FRIEDMAN MORRIS & COHAN, LLP
8383 Wilshire Boulevard, Suite 510
Beverly Hills, California 90211
Tel: 323-653-3900
Fax: 323-653-3021
mwolf@tfmclaw.com; lvandenburg@tfmclaw.com
sma@tfmclaw.com

Attorneys for Defendant
JAGUAR LAND ROVER NORTH AMERICA, LLC,
And PENEGON WEST, INC., d/b/a HORNBURG
JAGUAR/LAND ROVER

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JAHANSHAH SHOUHED, an individual,<br><br>        Plaintiff,<br><br>    vs.<br><br>JAGUAR LAND ROVER NORTH AMERICA, LLC, a Delaware Limited Liability Company; PENEGON WEST, INC., A California Corporation d/b/a HORNBURG JAGUAR/LAND ROVER; and DOES 1 to 25, inclusive,<br><br>      Defendants. | Case No. 2:19-cv-01934<br><br>**NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. SECTION 1441(a) BASED ON FEDERAL QUESTION JURISDICTION; DECLARATION OF LAUREN K. VANDENBURG** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION, AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

    **PLEASE TAKE NOTICE** that Defendants Jaguar Land Rover North America, LLC ("JLRNA") and Penegon West, Inc. d/b/a Hornburg Jaguar/Land Rover ("Hornburg") (collectively "Defendants") hereby remove the above entitled

action from the Superior Court of the State of California for the County of Los Angeles to the Central District of California, Western Division, pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), based on federal question jurisdiction under 28 U.S.C. § 1331.

## I.   PRELIMINARY MATTERS

1.     On February 1, 2019, Plaintiff Jahanshah Shouhed ("Plaintiff") filed this lawsuit (the "Complaint") in the Superior Court of the State of California, County of Los Angeles, Case No. 19STCV03731 and entitled <u>Jahanshah Shouhed v. Jaguar Land Rover North America, LLC; Penegon West, Inc., d/b/a Hornburg Jaguar/Land Rover; and Does 1 to 25, inclusive</u>.  A true and correct copy of the Summons, Complaint and all related process, are attached to the concurrently filed Declaration of Lauren K. VanDenburg ("VanDenburg Decl.") as Exhibit "A."

2.     JLRNA was served with the Complaint on February 13, 2019 through its registered agent for service of process.  This was the first date upon which JLRNA received a copy of the Complaint.  Hornburg was subsequently served on February 5, 2019.

4.     On March 14, 2019, Defendants answered the Complaint.  A true and correct copy of the Answer is attached to the VanDenburg Decl. as Exhibit "B."

5.     This Notice of Removal is timely because it is filed within 30 days of service of the Complaint on JLRNA, which was the first time Defendants received notice of the facts indicating that the case was removable within the meaning of 28 U.S.C. § 1446(b).

## II.   NATURE OF THE CASE

6.     The Complaint alleges causes of action relating to the August 18, 2018, lease of a 2018 Jaguar XJ R-Sport, VIN SAJWA1C71J8W14064.

7.     The Complaint alleges four separate claims for relief against Defendants, including two claims premised on violations of the Song-Beverly Warranty Act and two claims premised on violations of the Magnuson-Moss

Warranty Act.

8.     As detailed below, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 on the grounds that the third and fourth causes of action in the Complaint arise under the federal Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq*., and satisfy the necessary amount in controversy under that statute.

**III.   FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C. § 1331.**

**A.   Plaintiff's Claim Arises Under a Federal Statute**.

9.     Federal courts have original jurisdiction in actions "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  An action "arises" under federal law within the meaning of this statute if the federal law either creates the claim or the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law.  *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

10.     In the Complaint, Plaintiff brings two claims for relief under the Magnuson-Moss Warranty Act ("MMWA").  The MMWA is a federal statute. 15 U.S.C. § 2301, *et seq.*

**B.   The Amount in Controversy Requirement is Satisfied.**

11.     Under the MMWA, a consumer claiming damage by a warrantor's failure to comply with a warranty "may bring suit for damages" in the appropriate District Court of the United States.  15 U.S.C. § 2310(d)(1)(B).  However, "no claim shall be cognizable in a suit brought under paragraph (1)(B) . . . if the amount in controversy is less than the sum value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit."  15 U.S.C. § 2310(d)(3)(B); *Schultz v. General R.V. Ctr.*, 512 F.3d 754, 756-57 (6th Cir. 2008).

12.     In the Complaint, Plaintiff seeks a wide variety of remedies, including: "replacement or restitution, at Plaintiff's election," "incidental damages," "consequential damages," "a civil penalty as provided in Song-Beverly, in an amount not to exceed two times the amount of Plaintiff's actual damages," "actual attorney's

1  fees," "cost of suit and expenses," "the difference between the value of the Vehicle as

2  accepted and the value the Vehicle would have had if it had been as warranted,"

3  "remedies provided in Chapter 6 and 7 of Division 2 of the Commercial Code," "pre-

4  judgment interest at the legal rate" and "[s]uch other relief the Court deems

5  appropriate." *See* Complaint, Prayer for Relief, p. 10:22-11:8.

6      13.    The total price of the subject vehicle that forms the basis of each of

7  Plaintiff's claims was $35,169.35. *See* Complaint, ¶ 7. Thus, the amount in

8  controversy claimed by Plaintiff is in excess of the $50,000 requirement, when

9  including compensatory damages, the double civil penalty and attorneys' fees.

10 Accordingly, the amount in controversy to establish federal jurisdiction under 28

11 U.S.C. § 1331 and the MMWA is satisfied.

12 **IV.    ADDITIONAL GROUNDS FOR REMOVAL**

13      14.    This Notice of Removal is being filed within thirty (30) days of service

14 on JLRNA. Thus, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

15      15.    The United States District Court for the Central District of California,

16 Western Division is the federal judicial district embracing the Superior Court of the

17 State of California for the County of Los Angeles, where the Superior Court Action is

18 pending. Thus, venue is proper under 28 U.S.C. § 1441(a).

19      16.    Counsel for Defendants certifies it will file a copy of this Notice of

20 Removal with the Clerk of the Superior Court of the State of California, County of

21 Los Angeles, and give notice of the same to counsel for Plaintiff pursuant to 28

22 U.S.C. § 1446(d).

23      17.    This Removal is based upon the concurrently filed Declaration, attached

24 Exhibits and any other matters which the Court deems applicable.

25      18.    Should Plaintiff file a motion to remand this case, Defendants

26 respectfully request an opportunity to respond more fully in writing.

27      19.    Defendants will promptly notify Plaintiff and the Superior Court of this

28 removal as required by 28 U.S.C. § 1441(d).

1 **V.      CONCLUSION**

2      20.     Removal of this action is proper under 28 U.S.C. § 1441 because it

3 arises under the Magnuson-Moss Warranty Act and satisfies the applicable amount in

4 controversy ($50,000).

5      THEREFORE, Defendants, pursuant to these statutes and in conformance with

6 the requirements set forth in 28 U.S.C. § 1446, pray that this action be removed from

7 the Superior Court of the State of California for the County of Los Angeles to the

8 Central District of California, Western Division.

9

10 Dated:  March 15, 2019           TURNER FRIEDMAN MORRIS & COHAN, LLP

11

12                      By: _____ /s/ Lauren K. VanDenburg _____

13                         LAUREN K. VANDENBURG

14                      Attorneys for Defendant

15                      JAGUAR LAND ROVER NORTH AMERICA, LLC, and PENEGON WEST, INC., d/b/a HORNBURG JAGUAR/LAND ROVER

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>DECLARATION OF LAUREN K. VANDENBURG</u>

I, Lauren K. VanDenburg, declare as follows:

1.      I am an attorney at the law firm Turner Friedman Morris & Cohan, LLP. I am counsel for the named defendants in this action.  I have personal knowledge of the matters set forth herein and if called, I could and would competently testify thereto, under oath.

2.      Attached hereto as Exhibit A is a complete copy of the pleadings and process filed and served in the state court action.

3.      Attached hereto as Exhibit B is a complete copy of Defendants' Answer, filed on March 14, 2019, in the state court action.


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration is executed at Beverly Hills, California on March 15, 2019.


                                        /s/ Lauren K. VanDenburg
                                        _____
                                        LAUREN K. VANDENBURG

NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTION 1441(A)