# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 02/01/2019 04:50 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez,Deputy Clerk
19STCV03731

**SUM-100**

# SUMMONS
## (CITACIÓN JUDICIAL)

**NOTICE TO DEFENDANT:** JAGUAR LAND ROVER NORTH AMERICA, LLC, a
*(AVISO AL DEMANDADO):* Delaware Limited Liability Company; PENEGON
WEST, INC., a California Corporation d/b/a HORNBURG
JAGUAR/LAND ROVER; and DOES 1 to 25, inclusive;

**YOU ARE BEING SUED BY PLAINTIFF:** JAHANSHAH SHOUHED, an
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* Individual;

<div style="text-align:right">FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)</div>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>**Los Angeles Superior Court - Central District**<br>**111 N. Hill Street**<br>**Los Angeles, California 90012** | CASE NUMBER:<br>*(Número del Caso):* |
| --- | --- |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Harry S. Kaloustian (SBN 219679)          **(818) 594-0739 Tel / (818) 594-0852 Fax**
KALOUSTIAN LAW GROUP APC - 20700 Ventura Blvd., Ste. 231 Woodland Hills CA 91364

| DATE:<br>*(Fecha)* 02/01/2019 | Sherri R. Carter Executive Officer / Clerk of Court, by<br>*(Secretario)* | Nancy Alvarez | , Deputy<br>*(Adjunto)* |
| --- | --- | --- | --- |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):*

under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

<div style="text-align:right">Page 1 of 1</div>

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
| --- | --- | --- |

Electronically FILED by Superior Court of California, County of Los Angeles on 02/01/2019 04:50 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez,Deputy Clerk
19STCV03731

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Maureen Duffy-Lewis

Harry S. Kaloustian, Esq. (SBN 219679)
**KALOUSTIAN LAW GROUP APC**
20700 Ventura Boulevard, Ste. 231
Woodland Hills, CA 91364
Tel: (818) 594-0739
Fax: (818) 594-0852
Email: hkaloustian@gmail.com

Daniel S. Imber, Esq. (SBN 185425)
**IMBER LAW GROUP, APC**
9454 Wilshire Boulevard, Penthouse
Beverly Hills, CA 90212
Tel: (310) 248-4884
Fax: (866) 243-8084
Email: DImber@imberlaw.com

Attorneys for Plaintiff JAHANSHAH SHOUHED

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| JAHANSHAH SHOUHED, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>JAGUAR LAND ROVER NORTH AMERICA, LLC, a Delaware Limited Liability Company; PENEGON WEST, INC., a California Corporation d/b/a HORNBURG JAGUAR/LAND ROVER; and DOES 1 to 25, inclusive;<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. BREACH OF EXPRESS WARRANTY OBLIGATIONS UNDER THE SONG BEVERLY WARRANTY ACT;<br><br>2. BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY UNDER THE SONG-BEVERLY WARRANTY ACT;<br><br>3. BREACH OF EXPRESS WARRANTY UNDER THE MAGNUSON-MOSS WARRANTY ACT;<br><br>4. BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY UNDER THE MAGNUSON-MOSS WARRANTY ACT;<br><br>**JURY TRIAL DEMANDED**<br><br>**UNLIMITED JURISDICTION**<br>**(Amount demanded exceeds $25,000)** |

**PLAINTIFF JAHANSHAH SHOUHED** hereby alleges and complains as follows:

## GENERAL ALLEGATION COMMON TO ALL CAUSES OF ACTION

1.   Plaintiff is an individual residing in the County of Los Angeles, State of California.

2.   Defendant, JAGUAR LAND ROVER NORTH AMERICA, LLC (hereinafter referred to as "manufacturer"), is a Delaware Limited Liability Corporation doing business in the County of Los Angeles, State of California, and, at all times relevant herein, was/is engaged in the manufacturer sale, distribution, and/or importing of Jaguar motor vehicles and related equipment.

3.   Defendant, PENEGON WEST, INC. is a California Corporation doing business in the County of Los Angeles, State of California as HORNBURG JAGUAR/LAND ROVER, (hereinafter referred to as "Lessor"), and at all times relevant herein, is and was a Manufacturer-authorized agent engaged in the business of selling/leasing and servicing and repairing Manufacturer's vehicles.

4.   The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants, Does 1 through 20, inclusive, are unknown to Plaintiff who therefore sues these Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to set forth their true names and capacities when they have ascertained them. Further, Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated herein as a "Doe" is responsible in some manner for the events and happenings herein referred to and caused injury and damage to Plaintiff as herein alleged.

5.   Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants, and each of them, were the agents, servants, and/or employees of each of thief Co-Defendants. Plaintiff is informed and believes, and thereon alleges, that in doing the things hereinafter alleged Defendants,  and each of them, were acting in the course and scope of their employment as such agents, servants, and/or employees, and with the permission, consent, knowledge, and/or ratification of their Co-Defendants, principals, and/or employers.

///

///

///

6.   Before August 18, 2018 defendants Manufacturer and Does 1 through 25 inclusive, manufactured and/or distributed into the stream of commerce a new 2018 JAGUAR XJ R-SPORT, VIN SAJWA1C71J8W14064 ("Vehicle") for its eventual sale/lease in the state of California.

7.   On or about August 18, 2018 Plaintiff leased, for personal, family, and/or household purposes, the subject Vehicle from the Lessor for a total consideration of $35,169.35. A true and correct copy of the Lease Agreement is attached hereto as **Exhibit "A"** and incorporated herein by this reference.

8.   The subject Vehicle was/is a "new motor vehicle" under the Song-Beverly Warranty Act.

9.   Along with the lease of the Vehicle, Plaintiff received written warranties and other express and implied warranties including, but not limited to, warranties from Manufacturer and Lessor that the vehicle and its components would be free from all defects in material and workmanship; that the Vehicle would pass without objection in the trade under the contract description; that the Vehicle would be fit for the ordinary purpose for which it was intended; that the Vehicle would conform to the promises and affirmations of fact made, that Defendants, adjustments, and/or replacements of any parts necessary to ensure that the Vehicle was free from any defects in material and workmanship, that Defendants, and each of them., would maintain the utility of the Vehicle for five (5) years or sixty-thousand (60,000) miles and would conform the Vehicle to the applicable express warranties. A true and correct copy of this warranty is in the possession of Defendants.

10.   Plaintiff has duly preformed all the conditions on Plaintiff's part under the lease agreement and under the express and implied warranties given to Plaintiff, except insofar as the acts and/or omissions of the Defendants, and each of them, as alleged herein, prevented and/or excused such performance.

11.   Plaintiff has delivered the Vehicle to the Manufacturer's authorized service and repair facilities, agents and/or dealers, including Lessor, on at least three (3) separate occasions resulting in the Vehicle being out of service by reason of repair of nonconformities, all occurring

within the first 3 months of the lease and less than 1,300 miles of use.  True and correct copies of the Repair Orders are attached hereto as **Exhibit "B"** and incorporated herein by this reference.

12.  By way of example, and not by way of limitation, the defects, malfunctions, misadjustments, and/or nonconformities with Plaintiff's Vehicle include the following:

| Dates of Service | Location of Service | Complaints |
|---|---|---|
| September 6, 2018<br><br>**8 Days in Service**<br><br>**Mileage in 247** | Hornburg Jaguar LandRover | Vehicle going over 60MPH on the freeway vehicle pulls sways left and right;<br><br>Left top speakers rattle;<br><br>Vehicle revolutions go up loud engine noise but no power is transferred to the wheels, he tries to accelerate again and no power just noise. Customer restarts vehicle and problem goes away. Has happened 4-5 times since purchase. |
| September 14, 2018<br><br>**Unk. Days in Service**<br><br>**Mileage in 525** | Hornburg Jaguar LandRover | When on call receiving party cannot hear anything |
| November 5, 2018<br><br>**8 Days in Service**<br><br>**Mileage in 1,300** | Hornburg Jaguar LandRover | Vehicle shakes when driving on the freeway;<br><br>Bad rattle sound coming from driver interior door;<br><br>Steering seems to pull towards right;<br><br>Left rear door panel trim is not securing |

13. Each time Plaintiff delivered the nonconforming Vehicle to a Manufacturer-authorized service and repair facility, Plaintiff notified Defendants, and each of them, of the defects, malfunctions, misadjustments, and/or nonconformities existent with the Vehicle and demanded that Manufacturer or its representative's repair, adjust, and/or replace any necessary parts to conform the Vehicle to the applicable warranties.

14. Each time Plaintiff delivered the nonconforming Vehicle to a Manufacturer-authorized service and repair facility, Defendants, and each of them, represented to Plaintiff that they could and would conform the Vehicle to the applicable warranties, that in fact they did conform the Vehicle to the applicable warranties, that in fact they did conform the Vehicle to said warranties, and that all the defects, malfunctions, misadjustments, and/or nonconformities have been repaired; however, Manufacturer or its representatives failed to conform the Vehicle to the applicable warranties because said defects, malfunctions, misadjustments, and/or nonconformities continue to exist even after a reasonable number of attempts to repair was given.

15. The amount in controversy exceeds TWENTY FIVE THOUSAND DOLLARS ($25,000.00), exclusive of interest and costs, for which Plaintiff seeks judgment against Defendants, together with equitable relief. In addition, Plaintiff seeks damages from Defendants, and each of them, for incidental, consequential, exemplary, and actual damages including interest, costs, and actual attorneys' fees.

## FIRST CAUSE OF ACTION

### (Breach of Implied Warranty of Merchantability under Song-Beverly Warranty Act – Against All Defendants)

16. Plaintiff realleges each and every paragraph (1-15) and incorporates them by this reference as though fully set forth herein.

17. The distribution and sale of the Vehicle was accompanied by the Manufacturer and Lessor's implied warranty that the Vehicle was merchantable.

18. Furthermore, Defendants, and each of them, impliedly warranted, inter alia, that the Vehicle would pass without objection in the trade under the ordinary purpose for which it was intended; that the Vehicle was adequately assembled; and/or that the Vehicle conformed to the promises or affirmation of fact made to Plaintiff.

19. As evidenced by the defects, malfunctions, misadjustments, and/or nonconformities alleged herein, the Vehicle was not merchantable because it did not have the quality that a buyer

would reasonably expect, because it could not pass without objection in the trade under the contract description; because it was not fit for the ordinary purposes for which it was intended; because it was not adequately assembled; and/or because it did not or could not be conformed to the promises or affirmations of fact made to Plaintiff.

20. Upon discovery of the Vehicle's nonconformities, Plaintiff took reasonable steps to notify Defendants, and each of them, within a reasonable time that the Vehicle did not have the quality that a buyer would reasonably expect and, further, justifiably revoked acceptance of the nonconforming Vehicle.

21. Plaintiff hereby notifies the Manufacturer and Lessor of their breach and justifiably revokes acceptance of the nonconforming Vehicle under the Commercial Code sections 2607 and 2608. Plaintiff further demands that the Manufacturer and Lessor cancel the sale, take back the nonconforming Vehicle, refund all the money expended, pay the difference between the value of the Vehicle as accepted and the value the Vehicle would have had if it had been as warranted, and/or pay damages under the Commercial Code sections 2711, 2714, and 2715.

22. Plaintiff has made several requests and hereby makes a further demand upon Manufacturer for replacement or restitution pursuant to Song-Beverly. Defendants, and each of them, have intentionally failed and refused to make restitution or replacement pursuant to Song-Beverly.

23. As a result of the acts and/or omissions of the Defendants, and each of them, Plaintiff has sustained damage in the amount actually paid or payable under the contract, plus prejudgment interest thereon at the legal rate. Plaintiff will seek leave to amend this Complaint to set forth the exact amount thereof when that amount is ascertained.

24. As a further result of the actions of Defendants, and each of them, Plaintiff has sustained incidental and consequential damages in an amount yet to be determined, plus interest thereon at the legal rate. Plaintiff will seek leave to amend this Complaint to set forth the exact amount of incidental damages when that amount is ascertained.

///

///

25. As a further result of the actions of Defendants, and each of them, Plaintiff has sustained damages equal to the difference between the value of the Vehicle as accepted and the value the Vehicle would have had if it had been as warranted.

26. As a direct result of the acts and/or omissions of Defendants, and each of them, and in pursuing Plaintiff's claim, it was necessary for Plaintiff to retain legal counsel. Pursuant to Song-Beverly, Plaintiff, in addition to his other remedies, is entitled to the recovery of her attorney's fees based upon actual time expended and reasonably incurred, in connection with the commencement and prosecution of this action.

## SECOND CAUSE OF ACTION

**(Breach of Express Warranty under Song-Beverly Warranty Act - Against All Defendants)**

27. Plaintiff realleges each and every paragraph (1-26) and incorporates them by this reference as though fully set forth herein.

28. The Vehicle had defects, malfunctions, misadjustments and/or nonconformities covered by the warranty that substantially impaired its value, use, or safety to Plaintiff.

29. Plaintiff delivered the Vehicle to Manufacturer or its authorized repair facility for repair.

30. Defendants, and each of them, failed to service or repair the Vehicle to match the written warranty after a reasonable number of opportunities to do so.

31. The acts and/or omissions of Defendants, and each of them, in failing to perform the proper repairs, part replacement, and/or adjustment, to conform the Vehicle to the applicable express warranty constitute a breach of the express warranties that the Manufacturer provided to Plaintiff, thereby breaching Defendants' obligation under Song-Beverly.

32. Defendants, and each of them, failed to perfume the necessary repairs and/or service in good and workmanlike manner. The actions taken by Defendants, and each of them, where insufficient to make the Subject Vehicle conform to the express warranties and/or proper operational characteristics of like Vehicles, all in violation of the Defendants' obligations under Song-Beverly.

33. Plaintiff has given written notice to Defendants that the Manufacturer or its representatives in this state is unable to service or repair the subject vehicle to conform to the applicable express warranties after a reasonable number of attempts, and further requested that the Manufacturer comply with paragraph (2) of the subdivision (d) of Section 1793.2 on or about December 18, 2018. Defendants and each of them, knowing their obligations under Song-Beverly, and despite Plaintiff's demand, failed and refused to make restitution or replacement according to the mandates of Song-Beverly.  Such failure of Defendants, and each of them, to refund the price paid and payable or to replace the Vehicle was deemed intentional and justifies an award of a Civil Penalty in an amount not exceed two times Plaintiff's actual damages.

34. As a result of the act and/or omission of Defendants and each of them, and pursuant to the provisions of the Song-Beverly, Plaintiff is entitled to replacement of the Vehicle or restitution of the amount actually paid or payable under the contract, at Plaintiff's election, plus prejudgment interest thereon at the legal rate. Plaintiff will seek leave of Court to amend this Complaint to set forth the exact amount restitution and interest, upon election, when that amount has been ascertained.

35. Additionally, as a result of the acts and/or omission of Defendants, and each of them, and pursuant to Song-Beverly, Plaintiff has sustained and is entitled to consequential and incidental damages in amounts yet to be determined, plus interest thereon at the legal rate. Plaintiff will seek leave of the court to amend this complaint to set forth the exact amount of consequential and or incidental damages, when those amounts have been ascertained.

36. As a direct result of the acts and/or omission of the Defendants and each of them and in pursuing Plaintiff's claim, it was necessary for Plaintiff to retain legal counsel. Pursuant to Song-Beverly, Plaintiff, in addition to other remedies, is entitled to the recovery of her attorneys' fees based upon actual time expended and reasonably incurred, in connection with the commencement and prosecution of this action.

///
///
///

## THIRD CAUSE OF ACTION

### (Breach of Written Warranty under Magnuson-Moss Warranty Act - Against All Defendants)

37. Plaintiff realleges each and every paragraph (1-36) and incorporates them by reference as though fully set forth herein.

38. Plaintiff is a "Consumer" as defined in the Magnuson-Moss Warranty Act (hereinafter referred to as the "Warranty Act") 15 USC 2301 (3).

39. The Lessor is a "Supplier" and "Warrantor" as defined by the Warranty Act, 15 USC 2301 (4), (5).

40. The Manufacturer is a "Supplier" and "Warrantor" as defined by the Warranty Act, 15USC 2301(4), (5).

41. The Vehicle is a "Consumer Product" as defined in the Warranty Act, 15 USC 2301 (1).

42. The Vehicle was manufactured and leased after 1975.

43. The express warranty given by the Manufacturer pertaining to the Vehicle is a "Written Warranty" as defined in the Warranty Act,15 USC 2301 (6).

44. The Lessor is an authorized dealership/agent of the manufacturer designed to perform repairs on Vehicles under Manufacturer's warranties.

45. The above-describe actions (failure to repair and/or properly repair the above-mentioned defects, etc.), including failure to honor the written warranty constitute the breach of the written warranty by the Manufacturer and Lessor actionable under the Warranty Act, 15 USC 2310 (d) (1), (2).

46. As a direct result of the Manufacturer and/or Lessor's acts and/or omissions, Plaintiff has suffered damages as set forth herein. Therefore, Plaintiff is entitled to a judgment and the following relief against all Defendants:  (1) A declaration that acceptance has been properly revoked by Plaintiff and for damages incurred in revoking acceptance; (2) A refund of the lease payments paid by Plaintiff for the Vehicle; (3) Cancellation of Plaintiff's retail installment contract and payment in full of the balance of same; (4) Consequential, incidental, and actual

damages to be proved at trial; (5) Costs and expenses including actual attorneys' fees reasonably incurred; (6) Prejudgment interest at the legal rate; and (7) Such other relief the Court deems appropriate.

## FOURTH CAUSE OF ACTION

### (Breach of Implied Warranty under Magnuson-Moss Warranty Act –
### Against All Defendants)

47. Plaintiff realleges each and every paragraph (1-46) and incorporates them by this reference as though fully set forth herein.

48. The above-described actions on the part of the Lessor constitute a breach of the implied warranties of merchantability actionable under the Warranty Act, 15 USC 2301 (7), 2308, 2310 (d) (1), (2).

49. As a direct result of the Lessor's acts and/or omissions, Plaintiff has suffered damages as set forth herein. Therefore, Plaintiff is entitled to judgment against all Defendants declaring acceptance has been properly revoked by Plaintiff and for damages incurred in revoking acceptance, for a refund of the lease payments paid by Plaintiff for the Vehicle, for cancellation of Plaintiff's retail installment contract and for payment in full by Defendants and all of them on the balance of the installment contract, for consequential, incidental, and actual damages, for costs, prejudgment interest at the legal rate, for actual attorney's fees reasonably incurred, and such other relief the Court deems appropriate.

**WHEREFORE,** Plaintiff prays for judgment against all Defendants, and each of them, as follows:

A.   For replacement or restitution, at Plaintiff's election, according to proof;

B.   For incidental damages, according to proof;

C.   For consequential damages, according to proof;

D.   For a civil penalty as provided in Song-Beverly, in as amount not to exceed two times the amount of Plaintiff's actual damages;

E.   For actual attorney's fees, reasonably incurred;

F.   For costs or suit and expenses, according to proof;

G.   For the difference between the value of the Vehicle as accepted and the value the Vehicle would have had if it had been as warranted;

H.   For remedies provided in Chapter 6 and 7 of Division 2 of the Commercial Code;

I.   For pre-judgment interest at the legal rate;

J.   For a jury trial;

K.   Such other relief the Court deems appropriate.


DATED: January 31, 2019                          KALOUSTIAN LAW GROUP APC


                                                 By: Harry Kaloustian, Attorneys for
                                                 Plaintiff JAHANSHAH SHOUHED

Electronically FILED by Superior Court of California, County of Los Angeles on 02/01/2019 04:18 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez,Deputy Clerk

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):*<br>Harry S. Kaloustian (SBN 219679)<br>Kaloustian Law Group APC<br>20700 Ventura Blvd., Ste. 231 Woodland Hills CA 91364<br>TELEPHONE NO.: (818) 594-0739   FAX NO.: (818) 594-0852<br>ATTORNEY FOR *(Name):* Plaintiff Jahanshah Shouhed | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF: Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street, Los Angeles, CA 90012
CITY AND ZIP CODE: Los Angeles, California
BRANCH NAME: Central

CASE NAME:
JAHANSHAH SHOUHED v. JAGUAR LAND ROVER NORTH AMERICA, LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☑ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is   ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
   factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties      d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve          in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence          f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* 4 (Breach of Implied & Express Warranties per Song-Beverly & Magnuson Moss)
5. This case ☐ is   ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: January 31, 2019

Harry S. Kaloustian
_____          _____
(TYPE OR PRINT NAME)                               (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
  in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all
  other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]                    **CIVIL CASE COVER SHEET**          Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
                                                                                  Cal. Standards of Judicial Administration, std. 3.10
                                                                                  www.courtinfo.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) (*if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) (*if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    (*arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

Electronically FILED by Superior Court of California, County of Los Angeles on 02/01/2019 04:00 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez, Deputy Clerk

| SHORT TITLE: SHOUHED V. JAGUAR LAND ROVER NORTH AMERICA, LLC, et al. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons – See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

| LACIV 109 (Rev 2/16) LASC Approved 03-04 | CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION | Local Rule 2.3 Page 1 of 4 |
|---|---|---|

| SHORT TITLE | CASE NUMBER |
|---|---|
| SHOUHED V. JAGUAR LAND ROVER NORTH AMERICA, LLC, et al. | |

| | Civil Case Cover Sheet Category No. | | Type of Action (Check only one) | Applicable Reasons-See Step 3 |
|---|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029 | Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 | Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 | Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 | Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 | Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050 | Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025 | Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037 | Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024 | Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109 | Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 | Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008 | Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019 | Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☒ A6028 | Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002 | Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012 | Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034 | Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 | Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 | Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031 | Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027 | Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 | Eminent Domain/Condemnation         Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 | Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 | Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032 | Quiet Title | 2, 6 |
| | | ☐ A6060 | Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 | Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 | Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F | Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 | Unlawful Detainer-Drugs | 2, 6, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| SHOUHED V. JAGUAR LAND ROVER NORTH AMERICA, LLC, et al. | |

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependant Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.3

Page 3 of 4

| SHORT TITLE:<br>SHOUHED V. JAGUAR LAND ROVER NORTH AMERICA, LLC, et al. | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7.  ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br>3020 Santa Monica Boulevard |
|---|---|
| CITY:<br>Santa Monica | STATE:<br>CA | ZIP CODE:<br>90403 | |

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the Central _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: January 31, 2019

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

# EXHIBIT A

☒ Monthly Payment Lease   ☐ Single Payment Lease

**1. PARTIES**                                                    Lease Date: 08/18/2018

| Lessor-Dealer Name | Address |
|---|---|
| HORNBURG JAGUAR/LAND ROVER | 3020 SANTA MONICA BLVD |
| | SANTA MONICA, CA 90403 |
| Lessee - Name | Address |
| JAHANGIAR SHENVAR | 1230 COLDWATER CANYON |
| | BEVERLY HILLS, CA 90210 |
| Co-Lessee Name | Address |
| N/A | N/A |

Each Lessee signing the Lease ("you" or "your") agrees to lease from the Lessor named above the vehicle described in Section 2 (the "Vehicle") on the terms and conditions in this Lease Agreement ("Lease"). Lessor intends to assign its rights and interest under this Lease to JPMorgan Chase Bank, N.A. ("Chase"). As used in this Lease, the terms "us", "we" and "our" refer to the Lessor and, after assignment, to Chase or its successors and assigns.

**2. DESCRIPTION OF LEASED VEHICLE**

| YEAR | MAKE | MODEL | BODY STYLE | COLOR | VEHICLE IDENTIFICATION NUMBER | ODOMETER |
|---|---|---|---|---|---|---|
| 2018 | JAGUAR | XE R-SPORT | | SANTORINI BLACK | SAJAA1C71J8W14064 | 33 |

☐ If checked, the primary use of the Vehicle is business or commercial, otherwise it is personal, family or household use.

**3. LEASE TERM.** The Lease Term is 36 months, beginning on the Lease Date (above) and ending on 08/18/2021 (the "Maturity Date").

**4. DESCRIPTION OF TRADE-IN (if applicable)**

| | | | | |
|---|---|---|---|---|
| | | TRADE-IN VALUE | AMOUNT OWED | NET TRADE-IN |
| | | $ | $ | $ 0.00 |

...

| | | | |
|---|---|---|---|
| **Amount Due at Lease Signing** | **(a)** Monthly Payment. Excluding your first Monthly Payment of $490.00 is due on 08/18/2018 | **Other Charges** (not part of your Monthly Payment) | **Total of Payments** (The amount you will have paid by the end of the Lease) |
| $ 1774.35 | $490.00 x 36 payments of $490.00 per due period/per month. The total of your Monthly Payments is $17640.00 | Disposition Fee (if you do not purchase the Vehicle from us) $ 495.00 | $ 35169.35 |
| | **(b)** Single Payment Lease: Your Advance Single Payment N/A | Total $ 495.00 | |

| | | | | | |
|---|---|---|---|---|---|
| (a) | | $ N/A | (n) Net trade-in allowance | $ N/A |
| (b) | | + $ 1265.00 | (o) Amount to be paid in cash | + $ N/A |
| (c) | Advance Single Payment | + $ N/A | (p) Rebates and noncash credits: | |
| (d) | | + $ N/A | (q) Manufacturer Rebate(s) | + $ N/A |
| (e) | Initial title fee | + $ 296.00 | (r) N/A | + $ N/A |
| (f) | Initial registration fee | + $ 419.00 | (s) DRIVE OFFS | + $ 1774.35 |
| (g) | Sales or use tax | + $ N/A | | |
| (h) | Acquisition fee | + $ 1.00 | | |
| (i) | Cash Down Payment/Capitalized Cost Reduction (not a security deposit fee) | + $ 80.00 | | |
| (j) | Prepayment of lease balance | + $ N/A | | |
| (k) | Security deposit (not a down payment/fee) | + $ 245.00 | | |
| (l) | TAX ON DOWN PAYMENT | + $ 8.75 | | |
| (m) | TAX ON DOWN PAYMENT | + $ 7.50 | | |
| | N/A | + $ N/A | | |
| | N/A | + $ N/A | | |
| | N/A | + $ N/A | | |
| | N/A | + $ N/A | | |
| | N/A | + $ N/A | | |
| | N/A | + $ N/A | | |
| | N/A | + $ N/A | | |
| | Total | = $ 1774.35 | (t) Total | = $ 1774.35 |

(c) Gross capitalized cost. The agreed upon value of the Vehicle (§ 64419.48 ) and any items you pay for over the Lease Term (such as taxes, fees, service contracts, insurance, and any outstanding prior credit or lease balance) (See Section 16 below for an itemization of this amount) .................................................................................................. = $ 65314.48

(b) Capitalized cost reduction. The amount of any rebate, net trade-in allowance, noncash credit or cash you pay that reduces the gross capitalized cost .................................................................................................. − $ N/A

(c) Adjusted capitalized cost. The amount used in calculating your base Monthly Payment. .......................... = $ 65314.48

(d) Residual value. The value of the Vehicle at the end of the Lease used in calculating your base Monthly Payment. ... − $ 34806.60

(e) Depreciation and any amortized amounts. The amount charged for the Vehicle's decline in value through normal use and for other items paid over the Lease Term. .................................................................................................. = $ 30507.88

(f) Rent charge. The amount charged in addition to the depreciation and any amortized amounts. ............... + $ 396.32

(g) Total of base Monthly Payments. The depreciation and any amortized amounts plus the rent charge. ........ = $ 30904.20

(h) Lease Payments. The number of payments in your Lease. .................................................................................................. ÷ 36

(i) Base Lease Payment (Monthly or Advance Single, as applicable) .................................................................................................. = $ 858.45

(j) Subsequent tax. .................................................................................................. + $ 81.55

(k) Other: N/A .................................................................................................. + $ N/A

(l) Total Lease Payment (Monthly or Advance Single, as applicable) .................................................................................................. = $ 940.00

Lease terms are negotiable with the Lessor. The Lessor intends to assign this Lease Agreement and may retain a portion of the Total Lease Payments.

**12. Early Termination.** You may have to pay a substantial charge if you end this Lease early. The charge may be up to several thousand dollars. The actual charge will depend on when the Lease is terminated. The earlier you end the Lease, the greater this charge is likely to be.

**13. Excessive Wear and Use.** You may be charged for excessive wear based on our standards for normal use, and for mileage in excess of 7500 miles per year during the scheduled Lease Term at the rate of 30 cents per mile.

**14. Purchase Option at End of Lease Term.** You have an option to purchase the Vehicle at the end of the Lease Term for $ 34806.60 and a purch option fee of $ 150.00 , for a total of $ 34956.60 . The purchase option fee does not include fees for tags, taxes or registration.

**15. Other Important Terms.** See the front and back of this Lease for additional information on early termination, purchase options and maintenance responsibili warranties, late and default charges, insurance, excess wear standards and any security interest, if applicable.

**16. ITEMIZATION OF GROSS CAPITALIZED COST.**

(a) Agreed upon value of the Vehicle as equipped at time of signing the Lease .......... + $ 64419.48

(b) Agreed upon value of each accessory and fees of optional equipment the Lessor agrees to add to the Vehicle after signing the Lease:

| | |
|---|---|
| i. N/A | + $ N/A |
| ii. N/A | + $ N/A |
| (c) Sales/use tax | + $ N/A |
| (d) Initial title, license and registration fees | + $ N/A |
| (e) Credit Life Insurance Premium | + $ N/A |
| (f) Credit Disability Insurance Premium | + $ N/A |
| (g) Service Contract | + $ N/A |
| (h) Guaranteed Automobile Protection | + $ N/A |
| (i) Acquisition Fee | + $ 895.00 |
| (j) Prior credit or lease balance | + $ N/A |
| (k) Dealer Document Processing Charge (not a government fee) | + $ N/A |
| (l) Electronic Filing Charge (not a government fee) | + $ N/A |
| (m) N/A | + $ N/A |
| (n) N/A | + $ N/A |
| (o) N/A | + $ N/A |
| (p) N/A | + $ N/A |
| (q) N/A | + $ N/A |
| (r) N/A | + $ N/A |
| (s) N/A | + $ N/A |
| (t) N/A | + $ N/A |
| (u) Gross Capitalized Cost | + $ 65314.48 |

**17. OFFICIAL FEES AND TAXES.** The total amount you will pay for offi and license fees, registration, title, and taxes over the term of y Lease, whether included with your Monthly Payments (or Actual Single Payment), are applicable(s) or assessed otherwise is: $ 5158.55

This amount is an estimate. The actual total of fees and taxes m be higher or lower depending on the tax rates in effect or the value of the Vehicle when a fee or tax is assessed.

**18. WARRANTIES.** The Vehicle is subject to the manufacturer's standa new car warranty. The Vehicle is also subject to any other expres warranties or guarantees disclosed here:

N/A

There are no warranties, guarantees, or other rights provided to you us or the Vehicle's manufacturer other than those disclosed in t Lease.

WE DISCLAIM ALL IMPLIED WARRANTIES, INCLUDING T WARRANTIES OF MERCHANTABILITY, OR FITNESS FOR PARTICULAR PURPOSE, EXCEPT WHERE PROHIBITED BY LAW

**19. INSURANCE VERIFICATION.** The insurance required by Section 25 this Lease is in force on the Lease Date as follows:

Insurance Co.: SAFECO INSURANCE
Policy No.: A3149501
Agent's Name:
Agent's Address: 10 AM 3606, SEIX, IA 3606
Phone Number: (888) 725-5259

**20. OPTIONAL INSURANCE AND OTHER PRODUCTS.** You are not required to buy any of the optional insurance products or other products listed below. You should carefully review the contracts that describe th details of any optional insurance products or other products you choose to buy. By signing this Lease, you have elected to purchase from the Lessor the followin optional insurance products and other products:

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ Service Contract | N/A | N/A | when N/A | months | $ | N/A |
| ☐ Prepaid Maintenance Plan | N/A | N/A | when N/A | months | $ | N/A |
| ☐ Tire & Wheel Protection | N/A | N/A | N/A | | | |

**21. HOW THIS LEASE MAY BE CHANGED.** The Lease is the entire agreement for the Lease of the Vehicle. We may, in our sole discretion, agree to ... N/A

... HAVE READ AND AGREE TO ALL TERMS AND CONDITIONS ... DISPUTES ON THE REVERSE SIDE OF THIS ...

... provides that you will not ...

... Confidential ...

You have the right to regain the vehicle, and receive a refund of any payments made if the credit application is not approved, unless ... results from an incomplete application or fraud ...

**Notice to the Lessee: (1) Do not sign this Lease before you read it or if it contains any blank spaces to be filled in. You are entitled to a completely filled in copy of this Lease. (2) Warning — Unless a charge is included in this Lease public liability or property damage insurance, payment for that coverage is not provided by this Lease.**

NOTICE TO LESSEE: BY SIGNING THIS LEASE BELOW YOU ACKNOWLEDGE THAT: (1) EACH LESSEE ACCEPTS AND IS SEPARATELY LIABLE UNDER THE TERMS AND CONDITIONS OF THIS LEASE AND SHALL HAVE READ BOTH SIDES OF THIS LEASE, UNDERSTAND ALL OF ITS TERMS AND CONDITIONS ... RECEIVED A COMPLETELY FILLED IN COPY BEFORE SIGNING BELOW.

... in this Lease.

Lessee _____   _____   X _____ N/A _____
                                                    Lessee Sign        Title (if a business)

By signing below, Lessor ... in and to the Vehicle, to JPMorgan Chase Bank, N.A. ("Chase") ... between the Lessor and Chase and (3) warrants to Chase that it has verified that the ... and complies with the requirements of this Lease.

X _____   Title: **MANAGER**   Date: **03/18/2012**
Lessor/Dealer Signature

The JPMorgan ... logo, and Jaguar Financial Center are trademarks of Jaguar Land Rover Limited and any use by JPMorgan Chase Bank, N.A. (Chase) is under license. Lease accounts are owned by Chase.

FORM NO. JCC-CALIFORNIA (REV. 10/07)   ...   **LESSEE**   ©2007 JPMorgan Chase Bank, N.A. Member

... ADDITIONAL DISCLOSURES ...

# EXHIBIT B





CUSTOMER COPY





HORNBURG JAGUAR
3300 Olympic Boulevard
Santa Monica, California 90404
310-453-0377

SERVICE ADVISOR: 2175 Jefferson Sandoval

HORNBURG
3300 OLYMPIC BLVD
SANTA MONICA, CA 90404
310-459-3377

Date            3/11/19 4:37 PM

Jaguar : XJ/XJR : 2010-16 (X351) : Rear Wheel Drive



UNIT# 9636
CUSTOMER #: 100890

JAHANGEAH SHOUHER
1220 COLDWATER CANYON DR
BEVERLY HILLS, CA 90210-2405

HOME:310-710-2616  CONT:310-710-2616
BUS:310-855-3458  SHED:310-937-2468

247411

WORKORDER

PAGE 1

HORNBURG  JAGUAR  LAND ROVER

9300 Olympic Boulevard
Santa Monica, California 90404
310-455-3377

SERVICE ADVISOR: 2175 Ascencio, Jefferson

| | | | | | | |
|---|---|---|---|---|---|---|
| SANTORINI | 18 | JAGUAR XJ 3.0 V6 SC | SAJWA1C71J8W14064 | | 525/ | 26093 |

| | | | | |
|---|---|---|---|---|
| JAGUAR DI | | 17:00 14FEB18 | 198.00 | CASH |

OPTIONS: SOLD-STK:9636 DLR:79235 1)EXTERIOR COLOR
: SANTORINI BLACK 2)INTERIOR COLOR : JET 3)MSRP :
7734800 4)INVOICE : 7381700

14FEB2018 14:27

| LINE OP CODE TECH | TYPE | DESCRIPTIONS/INSTRUCTIONS |
|---|---|---|
| # A    86 | WJ | CUSTOMER STATES WHEN ON CALL RECEIVING PARTY CANNOT HEAR ANYTHING CHECK AND ADVISE ELECTRICAL |
| # B  98P | ISPR | CUSTOMER REQUESTS PERFORM COMPLIMENTARY MULTI-POINT INSPECTION |
| # C  TIRE | ISPR | CHECK TIRE INFLATION AND DOCUMENT CORRECT INFLATION PRESSURE |

JAGUAR

PRELIMINARY ESTIMATE $
AUTHORIZED BY  X

BAR # ARD215963          EPA # CAL000223346

CUSTOMER COPY







| | | |
|---|---|---|
| LABOR AMOUNT | | 0.00 |
| PARTS AMOUNT | | 0.00 |
| GAS, OIL, LUBE | | 0.00 |
| SUBLET AMOUNT | | 0.00 |
| MISC. CHARGES | | 0.00 |
| TOTAL CHARGES | | 0.00 |
| LESS INSURANCE | | |
| SALES TAX | | 0.00 |
| PLEASE PAY THIS AMOUNT | | |

WE ACCEPT AMERICAN EXPRESS • VISA • MASTER CARD
NO CHECKS PLEASE.

BAR # AR0215483     EPA # CAL00030345

CUSTOMER COPY

Homburg Jaguar Land Rover
3300 Olympic Blvd
Santa Monica, CA 90404

# Multi-Point Inspection Checklist

| [illegible] | Customer Information | Vehicle Information |
|---|---|---|
| [illegible] | [redacted] | [redacted] |
| | [illegible] [illegible] [illegible] | 2015 JAGU [illegible] 1300 |
| | [redacted] | [redacted] |
| | [illegible].com | SAJWA1C71[illegible] |

**Legend**
● Passed Inspection ■ May Require Future Attention ▲ Requires Attention | NI = Not Inspected N/A = Not Applicable # = See Comments

**Check the Following Systems or Components**

| Lights/Horn/Wipers | | | | |
|---|---|---|---|---|
| Lights (Head, Brake, Turn, Hazard, Interior) | ● | ■ | ▲ | |
| Horn Operation | ● | ■ | ▲ | |
| Front Wiper Blades | ● | ■ | ▲ | |
| Rear Wiper Blades | ● | ■ | ▲ | NA |
| Fluids | | | | |
| Window Washer Reservoir | ● | ■ | ▲ | |
| Coolant Reservoir | ● | ■ | ▲ | |
| Coolant Protection (Good to ___°F) | ● | ■ | ▲ | |
| Engine Oil | ● | ■ | ▲ | |
| Power Steering Reservoir | ● | ■ | ▲ | |
| Brake Fluid | ● | ■ | ▲ | |
| Transmission Fluid | ● | ■ | ▲ | |
| [illegible] | ● | ■ | ▲ | |
| Filters | | | | |
| Engine Air Filter | ● | ■ | ▲ | [illegible] |
| [illegible] | ● | ■ | ▲ | NA |
| Cabin Air Filter | ● | ■ | ▲ | |

| Battery | | | | |
|---|---|---|---|---|
| Battery Condition | ● | ■ | ▲ | |
| Battery Cables and Connections | ● | ■ | ▲ | |
| Factory Spec Cold Cranking Amps ___ amps | | | | |
| Actual Cold Cranking Amps ___ amps | ● | ■ | ▲ | |
| Inspect for Visual Leaks | | | | |
| [illegible] | ● | ■ | ▲ | |
| Engine, Transmission, Transfer Case, and Brakes | ● | ■ | ▲ | |
| [illegible] System | ● | ■ | ▲ | |
| Shocks and Struts — Leaks and operation | ● | ■ | ▲ | |
| Inspect for Visual Condition | | | | |
| Belts (Serpentine, A/C, Accessory, and other) | ● | ■ | ▲ | |
| Air Conditioning Temperature ___°F | ● | ■ | ▲ | |
| [illegible] | ● | ■ | ▲ | |
| Hoses (Radiator, Power Steering, Heater, and A/C) | ● | ■ | ▲ | |
| Steering Components and Linkage | ● | ■ | ▲ | |
| [illegible] and U-joints | ● | ■ | ▲ | |

**Tire / Brake Wear**

**Left Front**
● ■ ▲ Tire Tread Depth 10 /32"
Tire Wear ___
Tire Pressure ___ Set to 32
● ■ ▲ Brake Lining ___ mm ___ /32"

**Left Rear**
● ■ ▲ Tire Tread Depth 10 /32"
Tire Wear ___
Tire Pressure ___ Set to 32
● ■ ▲ Brake Lining ___ mm ___ /32"

**Right Front**
● ■ ▲ Tire Tread Depth 10 /32"
Tire Wear ___
Tire Pressure ___ Set to 32
● ■ ▲ Brake Lining ___ mm ___ /32"

**Right Rear**
● ■ ▲ Tire Tread Depth 10 /32"
Tire Wear ___
Tire Pressure ___ Set to 32
● ■ ▲ Brake Lining ___ mm ___ /32"

| [illegible] | | |
|---|---|---|
| Alignment Needed ● ■ ▲ | Tire Rotation Needed ● ■ ▲ | Wheel Balance Needed ● ■ ▲ |

**Comments**

John Bevandos — Service Advisor
[illegible] — Technician
Customer Signature

© 2013 [illegible] LLC All rights reserved.

[illegible] Global

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**02/01/2019**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _Nancy Alvarez_ Deputy |
| NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL CASE | |

| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>19STCV03731 |
|---|---|

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Maureen Duffy-Lewis | 38 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on _02/06/2019_
(Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By _Nancy Alvarez_____, Deputy Clerk

LACIV 190 (Rev 6/18)     **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**

**Southern California
Defense Counsel**

**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association
Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | FAX NO. (Optional): | |

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

    c.    No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

    d.    If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

    e.    If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.    If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.    The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.    Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.    Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.    References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

LACIV 036 (new)
LASC Approved 04/11
For Optional Use
    STIPULATION – DISCOVERY RESOLUTION
    Page 2 of 3

| SHORT TITLE: | CASE NUMBER: |
|---|---|

**The following parties stipulate:**

Date:
_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:
_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:
_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:
_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:
_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____ )

Date:
_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____ )

Date:
_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____ )

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FAX NO. (Optional):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, to *discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
    (INSERT DATE)                                    (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____        >_____
         (TYPE OR PRINT NAME)                        (ATTORNEY FOR PLAINTIFF)

Date:

_____        >_____
         (TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)

Date:

_____        >_____
         (TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)

Date:

_____        >_____
         (TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)

Date:

_____        >_____
         (TYPE OR PRINT NAME)                        (ATTORNEY FOR _____)

Date:

_____        >_____
         (TYPE OR PRINT NAME)                        (ATTORNEY FOR _____)

Date:

_____        >_____
         (TYPE OR PRINT NAME)                        (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference

   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

# INFORMAL DISCOVERY CONFERENCE
(pursuant to the Discovery Resolution Stipulation of the parties)

NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY

STATE BAR NUMBER

Reserved for Clerk's File Stamp

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FAX NO. (Optional):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

The parties agree that:

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE | CASE NUMBER: |
|---|---|
|  |  |

## The following parties stipulate:

Date: _____
_____
(TYPE OR PRINT NAME)

Date: _____
_____
(TYPE OR PRINT NAME)

Date: _____
_____
(TYPE OR PRINT NAME)

Date: _____
_____
(TYPE OR PRINT NAME)

Date: _____
_____
(TYPE OR PRINT NAME)

Date: _____
_____
(TYPE OR PRINT NAME)

Date: _____
_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR PLAINTIFF)

> _____
(ATTORNEY FOR DEFENDANT)

> _____
(ATTORNEY FOR DEFENDANT)

> _____
(ATTORNEY FOR DEFENDANT)

> _____
(ATTORNEY FOR _____ )

> _____
(ATTORNEY FOR _____ )

> _____
(ATTORNEY FOR _____ )

## THE COURT SO ORDERS.

Date: _____
_____
JUDICIAL OFFICER

# Superior Court of California
# County of Los Angeles



# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKET

The person who files a civil lawsuit (plaintiff) must include the ADR information Packet with the complaint when serving the defendant. Cross-complainants must serve the ADR Information Packet on any new parties named to the action together with the cross-complaint.

There are a number of ways to resolve civil disputes without having to sue someone. These alternatives to a lawsuit are known as alternative dispute resolution (ADR).

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediations, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help resolve disputes without having to go to court.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

**Advantages of ADR**
- Often faster than going to trial.
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to remedy.
- There are fewer, if any, court appearances. Because ADR can be faster and save money, it can reduce stress.

**Disadvantages of ADR** - ADR may not be suitable for every dispute.
- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

**The Most Common Types of ADR**

- **Mediation**

  In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the parties, rather than the mediator, decide how the dispute is to be resolved.

  - **Mediation is particularly effective** when the parties have a continuing relationship, like neighbors or business people. Mediation is also very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to express their feelings and find out how the other sees things.

  - **Mediation may not be effective** when one party is unwilling to cooperate or compromise or when one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

- **Arbitration**

  In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed. Arbitration may be either "binding" or "non-binding." Binding arbitration means the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision.

  Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

- **Mandatory Settlement Conference (MSC)**

  Settlement Conferences are appropriate in any case where settlement is an option. Mandatory Settlement Conferences are ordered by the Court and are often held near the date a case is set for trial. The parties and their attorneys meet with a judge who devotes his or her time exclusively to preside over the MSC. The judge does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.

  The Los Angeles Superior Court Mandatory Settlement Conference (MSC) program is free of charge and staffed by experienced sitting civil judges who devote their time exclusively to presiding over MSCs. The judges participating in the judicial MSC program and their locations are identified in the List of Settlement Officers found on the Los Angeles Superior Court website at http://www.lacourt.org/. This program is available in general jurisdiction cases with represented parties from Independent Calendar (IC) and Central Civil West (CCW) courtrooms. In addition, on an ad hoc basis, personal injury cases may be referred to the program on the eve of trial by the personal injury master calendar courts in the Stanley Mosk Courthouse or the asbestos calendar court in CCW.

  In order to access the Los Angeles Superior Court MSC Program the judge in the IC courtroom, the CCW Courtroom or the personal injury master calendar courtroom must refer the parties to the program. Further, all parties must complete the information requested in the Settlement Conference Intake Form and email the completed form to mscdept18@lacourt.org.

## Additional Information

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;
- Contact the local bar association (http://www.lacba.org/) or;
- Look in a telephone directory or search online for "mediators; or "arbitrators."

There may be a charge for services provided by private arbitrators and mediators.

A list of approved State Bar Approved Mandatory Fee Arbitration programs is available at
http://calbar.ca.gov/Attorneys/MemberServices/FeeArbitration/ApprovedPrograms.aspx#19

To request information about, or assistance with, dispute resolution, call the number listed below. Or you may call a Contract Provider agency directly. A list of current Contract Provider agencies in Los Angeles County is available at the link below.

http://css.lacounty.gov/programs/dispute-resolution-program-drp/

County of Los Angeles Dispute Resolution Program
3175 West 6th Street, Room 406
Los Angeles, CA 90020-1798
TEL: (213) 738-2621
FAX: (213) 386-3995

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221